**Order filed February 3, 2022**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-21-00051-CR

_____

**ANDREW TIMOTHY MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 14498-D**

## O R D E R

A jury convicted Appellant, Andrew Timothy Martinez, of the offense of possession of more than one gram but less than four grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c), .102(6) (West Supp. 2021). Based on Appellant's pleas of true, the jury found both enhancement allegations to be true and assessed Appellant's punishment at confinement for a term of forty-seven and one-half years. We abate the appeal and remand this cause to the trial court for appointment of new appellate counsel.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has thoroughly

examined the record and applicable law and that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record, file a pro se response to counsel's brief, and if necessary, file a pro se petition for discretionary review. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Appellant has not filed a pro se response to counsel's brief.

In addressing an *Anders* brief, a court of appeals may determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and found no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 410–11; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures set out in *Anders*, *Kelly*, and *Schulman*, we have conducted an independent review of the record, and we disagree with court-appointed counsel's conclusion that the appeal is wholly frivolous.

In this regard, we note that the punishment-phase jury charge contains an instruction regarding the existence of good conduct time and its application to Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b) (West Supp. 2021). In 2019, the Texas Legislature amended Article 37.07, Section 4 of the Texas Code of Criminal Procedure. *See* Act of May 15, 2019, 86th Leg., R.S., ch. 260, § 1 (H.B. 1279) (codified at TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4). The amendments apply to any defendant sentenced after September 1, 2019, regardless of when the offense was committed. *Id.* §§ 2–3. Although Appellant was sentenced after September 1, 2019, the punishment-phase charge contains the jury instruction applicable to defendants who were sentenced prior to September 1, 2019. *See* Act

2

of May 26, 2015, 84th Leg., ch. 770, § 2.08, 2015 Tex. Gen. Laws 2321, 2367–68. Further, the instruction did not contain certain language required by both the superseded and the current statutes. *See Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002) (holding that a trial court is required to instruct the jury in the precise wording required by Article 37.07).

We grant counsel's motion to withdraw, abate this appeal, and remand this cause to the trial court for the appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number for new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court by March 7, 2022.

Newly appointed counsel shall file a brief that conforms to the Texas Rules of Appellate Procedure and that addresses any issue that counsel deems arguable. Appellant's brief shall be due thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure. By this order, we express no opinion on the merits of any issues or potential issues that the record may present.

The motion to withdraw is granted, the appeal is abated, and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

February 3, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b)

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.